JOHN A. FANOTTO, JR., ET AL. *v.* INLAND WETLANDS
COMMISSION OF THE TOWN OF SEYMOUR
(SC 18221)

Rogers, C. J., and Norcott, Katz, Palmer, Zarella and McLachlan, Js.

Argued September 21—officially released October 20, 2009

*Timothy J. Lee*, for the appellant (defendant).

*Matthew Ranelli*, for the appellees (plaintiffs).

*Richard Blumenthal*, attorney general, and *Kimberly P. Massicotte, Patricia A. Horgan* and *David H. Wrinn*, assistant attorneys general, filed a brief for the commissioner of environmental protection as amicus curiae.

*Opinion*

PER CURIAM. The plaintiffs, John A. Fanotto, Jr., and Anna Fanotto, submitted an application for a wetlands permit to the defendant, the inland wetlands commission of the town of Seymour (commission). The commission denied the application, and the plaintiffs appealed to the trial court, which dismissed the appeal. The plaintiffs then appealed to the Appellate Court, which reversed the judgment of the trial court. *Fanotto*

v. *Inland Wetlands Commission*, 108 Conn. App. 235, 236, 947 A.2d 422 (2008). We granted the commission's petition for certification to appeal from the judgment of the Appellate Court limited to the following issue: "Did the Appellate Court properly determine that the trial court improperly concluded that there was adequate support in the record for the denial of the application to conduct regulated activities on the subject property?" *Fanotto* v. *Inland Wetlands Commission*, 289 Conn. 908, 957 A.2d 869 (2008). We conclude that certification was improvidently granted and the appeal should be dismissed.

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "The plaintiffs own a 20.37 acre parcel zoned R-18 in Seymour on which they wanted to create a twenty lot subdivision. . . . The plaintiffs submitted the application at issue on March 2, 2004 . . . . The commission first heard from the plaintiffs at its March 22, 2004 meeting, at which time a site walk/special meeting/public hearing was scheduled for April 10, 2004. Consultant and wetlands scientist Robert Jontos was introduced by the plaintiffs at the March 22, 2004 meeting and was able generally to present the impact the subdivision would have on the wetlands. The commission next heard from the plaintiffs at its April 26, 2004 meeting. The commission unanimously voted to classify the property as having a possible significant impact on the wetlands and watercourses. . . . The May 17, 2004 public hearing on the application was not attended by the plaintiffs. Instead, their counsel sent a letter stating that the plaintiffs were of the opinion that the commission had failed to act on the application in a timely fashion and that the plaintiffs were forwarding the application to the department of environmental protection. Owners of land adjoining the subject property attended the May 17, 2004 public hearing and voiced concern about the

application and the impact to the wetlands. The public hearing was continued until May 24, 2004, where more laypersons spoke in opposition to the application. The public hearing was closed, and the commission unanimously denied the application. . . .

"The plaintiffs appealed from the decision of the commission to the Superior Court, arguing that there was no substantial evidence to support the commission's denial of their application, especially in light of the expert testimony. The court found that the commission had actual knowledge of the area involved and that the maps included with the application showed that twelve of the twenty lots proposed were affected by the proximity of the wetlands. Overall, the court held that the knowledge gained by the commission through personal observation of the area encompassed by the application was properly considered in reaching the decision that the construction would have an adverse effect on the wetlands. The court also held that no evidence was necessary to make a credibility determination about the expert's testimony, nor was the commission required to believe the expert. Accordingly, the court dismissed the plaintiffs' appeal." (Internal quotation marks omitted.) *Fanotto* v. *Inland Wetlands Commission*, supra, 108 Conn. App. 237–38.

In reversing the trial court's judgment, the Appellate Court held that the record did not contain "substantial evidence . . . to support the commission's decision to deny the application," and that the plaintiffs were entitled to approval of their application with reasonable conditions. Id., 244–45. The Appellate Court concluded that "there was no credible evidence presented during the public hearings to rebut the findings of the plaintiffs' expert." Id., 244. Specifically, the Appellate Court noted that the commission, in concluding that the wetlands would be adversely affected, relied on its own knowledge without any claim of expertise and on the testi-

mony of individuals "with no apparent expertise in any field relevant to the specialized determination of adverse impacts to wetlands." Id.

This certified appeal followed. The commission claims that the Appellate Court improperly reversed the trial court's judgment because there was substantial evidence in the public hearing record to support the commission's decision to deny the plaintiffs' application. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

This appeal is dismissed.